# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3839NE

_____

United States of America,              *
                                           *

        Appellee,             *   On Appeal from the United
                                           *   States District Court
      v.                       *   for the District of
                                           *   Nebraska.

Jose Arturo Raya-Ramirez,     *
                                           *

        Appellant.          *

_____

Submitted: March 20, 2001

Filed: March 29, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Jose Arturo Raya-Ramirez pleaded guilty to illegally re-entering the United States after deportation, in violation of 8 U.S.C. § 1326(a). His sentence was enhanced under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A) because he had previously been deported after being convicted of an aggravated felony (four of them, in fact). The District Court[1] sentenced him to five years and ten months (70 months) imprisonment and three years supervised release.

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

Raya-Ramirez argues on appeal that because the fact of a prior aggravated-felony conviction was not alleged in the indictment and was neither proved to a jury nor admitted through his guilty plea, the enhanced sentence violates the standards announced in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). We reject this argument. Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998), which upheld the validity of the section 1326(b)(2) aggravated-felony enhancement for section 1326(a) violators, was not overruled by Apprendi. See 120 S. Ct. at 2362; United States v. Cortez-Delatorre, No. 00-2066, 2000 WL 1665078 (8th Cir., Nov. 7, 2000); United States v. Aguayo-Delgado, 220 F.3d 926, 932 n.4 (8th Cir.) ("In Apprendi, the Court left Almendarez-Torres untouched, although . . . [it] expressed a willingness to reconsider it."), cert. denied, 121 S. Ct. 600 (2000). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-